U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2023 SEP 14 PM 4: 31

CLERK

BY
DEPUTY CLERK

ROBERT LAFAYETTE,                    )
                                     )
    Plaintiff,                       )
                                     )
    v.                               )        Case No. 2:23-cv-167
                                     )
BLUEPRINT BASKETBALL LLC;            )
BYRON ROBERTSON; CARA                )
CASWELL; THOMAS NUOVO,               )
                                     )
    Defendants.                      )

## ORDER DISMISSING AMENDED COMPLAINT
### (Doc. 4)

On August 2, 2023, self-represented Plaintiff Robert Lafayette was granted leave to

proceed in forma pauperis, or without paying filing fees, under 28 U.S.C. § 1915. However, his

Complaint alleging discrimination against Defendants Burlington School District, Blueprint

Basketball LLC, Joseph McNeil, and Tom Nuovo was dismissed upon review under 28 U.S.C.

§ 1915(e)(2)(B). *See* Docs. 2, 3. Plaintiff was granted leave to file an amended pleading. The

timely filed Amended Complaint seeks to allege claims of infliction of emotional distress and

names Blueprint Basketball LLC, Byron Robertson, Cara Caswell, and Thomas Nuovo as

defendants. (Doc. 4.) For the reasons set forth below, the Amended Complaint must be

dismissed.

## DISCUSSION

### I.    Standard of Review Under § 1915(e)(2)(B)

Under the in forma pauperis statute, the court must conduct an initial screening of the

complaint. *See* 28 U.S.C. § 1915(e)(2). "[T]he court shall dismiss [a] case [filed IFP] at any

time if the court determines that. . . the action . . . (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Courts afford pleadings filed by self-represented parties "special solicitude." *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Thus, the court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

In addition, "[f]ederal courts are courts of limited jurisdiction[,]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), with "an independent obligation to consider the presence or absence of subject matter jurisdiction[.]" *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.     Subject Matter Jurisdiction Allegations of the Amended Complaint

Plaintiff asserts the court has diversity jurisdiction over this case. In the party section of his pleading, he lists only himself, a Vermont resident, and Blueprint Basketball LLC, "a duly constituted Limited Liability Company under the laws of Vermont." (Doc. 4 at 1.) Elsewhere in the Amended Complaint, Plaintiff names Byron Robertson and Cara Caswell, alleged to be co-Directors of Blueprint Basketball, and Thomas Nuovo, alleged to be Blueprint Basketball's attorney, without any allegations as to domicile. Plaintiff seeks compensatory and punitive damages in an unidentified amount.

## III.     Whether the Court has Subject Matter Jurisdiction

The party "asserting [federal] subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). Generally, "federal courts have subject matter jurisdiction either on the basis of

2

substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006).

Plaintiff's Amended Complaint does not seek to allege a federal cause of action. Because the Amended Complaint does not state a claim under federal law, the court does not have federal question subject matter jurisdiction under 28 U.S.C. § 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Plaintiff's Amended Complaint therefore must contain plausible allegations supporting the court's exercise of diversity subject matter jurisdiction. As the court explained in its August 2, 2023 Order, subject matter jurisdiction may be established under 28 U.S.C. § 1332 which requires that the amount in controversy in the case exceed $75,000, exclusive of interest and costs, and that the matter is "between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his [or her] domicile." *100 Great Meadow Road Assocs., LLC v. Cincinnati Ins. Co.*, 2020 WL 12188902, at *6 (D. Conn. Dec. 23, 2020) (internal quotation marks omitted). "Domicile is the place where a person has his [or her] true fixed home and principal establishment, and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

The court noted that Plaintiff's original Complaint sought damages in excess of the statutory requirement, however, because all parties were alleged to be Vermont residents, the parties were not diverse, as is required for diversity jurisdiction. Plaintiff's Amended Complaint names as new Defendants Byron Robertson and Cara Caswell but does not identify their domicile. Neither does it identify the domicile of Defendant Thomas Nuovo who was alleged to be a Vermont resident in the original Complaint. The Amended Complaint alleges that Defendant Blueprint Basketball LLC is a Vermont LLC. In the absence of allegations demonstrating that the individual Defendants and each member of Defendant Blueprint Basketball LLC are residents of a state other than Vermont, the Amended Complaint lacks allegations showing that there is complete diversity of citizenship between Plaintiff and the Defendants. Consequently, the court cannot exercise diversity subject matter jurisdiction under 28 U.S.C. § 1332. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings[.]'") (quoting *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893)). Thus, the court must dismiss the action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h); *see also Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) (summary order) (explaining Second Circuit "precedent instructs that when a court dismisses for lack of subject-matter jurisdiction, that dismissal must be without prejudice").

## IV.    Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). In this case, the court granted leave to amend, which

Plaintiff did, and he has not requested a further opportunity to amend his pleading.  The court

declines to grant a second leave to amend *sua sponte*.  *See Horoshko v. Citibank, N.A.*, 373 F.3d

248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting

an amendment that was never requested").

## CONCLUSION

For the reasons stated above, Plaintiff's Amended Complaint (Doc. 4) is DISMISSED

without prejudice for lack of subject matter jurisdiction.  Because Plaintiff's Amended

Complaint has been dismissed, this case is DISMISSED.  The court hereby certifies that under

28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of September, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court